

Rae Andreacchio (Plaintiff)
vs.
Karen Yax (Defendant)

Civil Action No.: 3:21-cv-386-CWR-LGI

## Answer to Complaint

Comes now, Defendant Karen Yax responding to the complaint by Rae Andreacchio (Plaintiff) against her dated June 4. 2021.

### Preliminary Statement

1. The defendant is an adult resident citizen of the State of Michigan, who may be served with process at 2442 Lonesome Dove Trail, Lapeer, MI-48446.
2. The plaintiff is an adult resident citizen of the State of Mississippi, who may be served with process through her attorney, Matthew Wilson, at P.O. Box 4814, Mississippi State, MS-39762-4814.

### Jurisdiction

3. Whether or not this court has jurisdiction of this case, as alleged by the plaintiff, is a matter of law which will be determined by the courts of the United States of America under due process of law. However, the defendant respectfully asks this complaint be dismissed based on lack of personal jurisdiction.

### Preliminary Petition to the Court

4. The defendant hereby requests the US District Court to dismiss civil action no. 3:21-cv-386-CWR-LG1 on the grounds that it is frivolous, vexatious, meretricious and utterly without merit, in line with several other cases that have been brought by the plaintiff against a variety of defendants merely to harass said defendants as part of a pattern of behavior that has been established by the plaintiff to bully, cajole, threaten and ruin the reputation and/or finances of all those whom she perceives to be 'enemies' opposed to her agenda to deny the official determination of suicide in the tragic death of her son, Christian Andreacchio by self-inflicted bullet wound on February 26, 2014.

### The Plaintiff as a Public Figure

5. The defendant hereby submits that, by virtue of her deliberate and relentless public actions and statements since the death of her son, Christian Andreacchio, on February 26, 2014, the plaintiff has established herself as a public figure who cannot be defamed in the absence of malice on behalf of the defendant.
6. The defendant hereby refutes the allegation in the complaint that she held any malice toward the plaintiff prior to the statements she made that are the subject of this complaint. The defendant has never met or spoken with the plaintiff on any occasion prior to her statements about the plaintiff that are the subject of this complaint, and has had no cause to feel malicious toward her. The defendant merely repeated public allegations made by others against the plaintiff which have been irrefutably evidenced and documented in the public domain by victims of the plaintiff's pattern of bullying, cajoling, threatening, harassment and abuse, who include a wide assortment of people: private citizens, the police, members of the Justice Department, and officials of the City of Meridian. Far from being reckless as to the facts of this situation, the defendant merely repeated the well-established facts of this situation which have been irrefutably evidenced and documented in the public domain.

### Damage to Reputation

7. The plaintiff, through a relentless and wilful pattern of bullying, cajoling, threatening, harassing and abusing others, both directly and through the incitement of third parties to bully, cajole, threaten, harass and abuse her aforesaid perceived enemies, has established a public reputation as a 'bad actor' that has not been materially affected by any statements made by the defendant that are the subject of this complaint. The defendant has merely repeated the public observations and assertions of others that are fully evidenced and documented in the public domain.
8. The defendant hereby refutes that she has caused the plaintiff any emotional damage that had not already been caused by the plaintiff inflicting said damage on herself as a result of the consequences of her own statements and actions since the death of her son, Christian Andreacchio, on February 26, 2014.
9. The commission of the tort invasion of privacy necessarily requires negligence on the part of the defendant. The defendant asserts that she has not been negligent in regard to any alleged damage to the defendant, but rather has sought the pursuance of the benefit of the public at large and the public interest in reporting accurately on facts pertaining to the plaintiff's public statements and actions that have been irrefutably evidenced and documented in the public domain.

### Bullying, Intimidation and Lying

10. The complaint alleges that the defendant has accused her of bullying. The defendant hereby asserts that the plaintiff has established a clearly defined pattern of bullying others in a most egregious manner, as fully evidenced and documented in the public domain.
11. The complaint alleges that the defendant has accused her of intimidating, or attempting to intimidate, others. The defendant hereby asserts that the plaintiff has established a clearly defined pattern of attempts to intimidate others in a most egregious manner, as fully evidenced and documented in the public domain.
12. The complaint alleges that the defendant has accused her of lying. The defendant hereby asserts that the plaintiff has lied in official statements, as fully evidenced and documented in the public domain, not least by members of the Justice Department,

### Bribery and Intent to Get Other Drunk (including a Minor)

13. The defendant asserts that the plaintiff's wish to bribe and get a minor drunk in order to further her ill-advised agenda is fully evidenced and documented in the public domain.

### Hayes Mitchell and Christian Andreacchio

14. The complaint asserts that the defendant insinuated that the death of Hayes Mitchell from a drug overdose was the result of medical malpractice on behalf of the plaintiff in her capacity as a nurse practitioner practicing in the mental health field. The defendant made no such insinuation. The plaintiff has been the subject of numerous complaints for breaching patient confidentiality. She also breached patient confidentiality in the case of Hayes Mitchell by divulging what she alleged Hayes Mitchell told her while under her treatment and care. The plaintiff therefore grossly mistreated and harassed Hayes Mitchell and several others of her patients by breaching their right of patient confidentiality in a most egregious manner. In the case of Hayes Mitchell, the plaintiff has even litigated against his estate after his tragic death on the basis of the aforesaid breach of patient confidentiality. The public may draw whatever conclusions it deems appropriate from the plaintiff's established pattern of abusing the rights of her patients and from her broader pattern of abusing, bullying, harassing etc. those she deems to be her enemies.
15. The defendant expressly hereby denies that she stated, or insinuated, that the plaintiff was responsible for the death of her son, Christian Andreacchio. Indeed, she expressly stated that Christian Andreacchio died by his own hand, which was not a 'false light' statement of personal opinion, as alleged in the complaint, but a matter of public record as the determination of the relevant authority in the matter.

### Right of Privacy and False Light

16. The defendant asserts that since the death of her son, Christian Andreacchio, the plaintiff has relentlessly and continuously invaded her own privacy by her deliberate public statements and actions. The defendant has not invaded the plaintiff's privacy beyond the scope set out by the plaintiff herself.
17. The plaintiff claims that it is a false light for the defendant to claim that her son, Christian Andreacchio, died by his own hand, yet such is the official verdict as to his death. The defendant has not shone a false light on this or any other aspect of the situation which is the subject of this complaint. She has merely repeated what has been fully evidenced and documented in the public domain in relation to this situation.
18. The defendant asserts that all statements she has made regarding the death of Christian Andreacchio and its aftermath have been with intent to further the public interest.

### Any Other Allegations in the Complaint

19. For any other allegations made in the complaint by the plaintiff that have not been explicitly addressed in this answer, the defendant hereby expressly refutes such allegations and asserts that she has not materially defamed the plaintiff in any way, nor has she invaded the plaintiff's privacy beyond the requirement to serve the public interest.

### Request for Video Recording of Proceedings

20. As the plaintiff has a well-established record of misrepresentation of facts related to official processes and proceedings, the defendant hereby requests that the court allow that any proceedings in a court of law be allowed to be video recorded on behalf of the defendant. While there may or may not be a written transcript made available of such proceedings, such written transcript will not carry the weight of a video recording to be made available in the public domain.

Respectfully submitted by the defendant, this 23 day of June, 2021, to the Clerk of the United States District Court for the Southern District of Mississippi (Northern Division) and to the plaintiff's official representative, Matthew Wilson, at P.O. Box 4814, Mississippi State, MS-39762-4814.

Signed:

*(Karen Yax)*
(Karen Yax)