IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAE ANDREACCHIO                                                                                PLAINTIFF

VS.                                            CIVIL ACTION NO.:   3:21-cv-00386-CWR-LGI

**URGENT AND NECESSITOUS**

VIDEO OR TELEPHONE
HEARING REQUESTED

KAREN YAX
a/k/a "The Critical Kay"                                                                  DEFENDANT

## MOTION TO COMPEL

COMES NOW, Plaintiff Rae Andreacchio ("Ms. Andreacchio"), by and through counsel, and moves this Honorable Court for entry of an order requiring Defendant Karen Yax ("Ms. Yax") to comply with the orders and rules of this Court, *to-wit*:

### RELEVANT FACTS

1.      Ms. Andreacchio filed her Complaint on June 4, 2021.   [Dkt. #1]. Summons was issued upon Ms. Yax that day.  [Dkt. #2.]  The summons directed Ms. Yax to "serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure" within 21 days of being served.

2.      On June 24, 2021, Ms. Yax filed her Answer, *pro se*.  [Dkt. 3.]  Although Ms. Yax asserts therein that the Court lacks personal jurisdiction over her, she raises no other Rule 12 (b) defense.   Moreover, Ms. Yax has not filed a separate motion asserting her Rule 12(b)(2) personal jurisdiction defense as is required by the Local Rules.

3.     On July 12, 2021, this Honorable Court entered its Rule 16 (a) Initial Order [Dkt. 4.] Therein, the Court sets the Telephonic Case Management Conference ("TCMC") for August 27, 2021. The Initial Order also states:

> No later than twenty-one (21) days prior to the TCMC, counsel shall confer regarding all matters set forth in L.U.Civ. R. 26(f).

This order comports with Rule 26(f)(1), which requires the parties to confer at least 21 days before the TCMC. As such, the parties (whether represented or *pro se*) had until August 6, 2021, to confer about the matters set forth in the Initial Order.

4.     Due to his obligations to other clients, as well as his own personal illness, the undersigned counsel was unable to contact Ms. Yax until August 2, 2021. A copy of the undersigned counsel's email correspondence to Ms. Yax is attached below.

---

**Andreacchio v. Yax**
1 message

**Matthew Wilson** <starkvillelawyer@gmail.com>                              Mon, Aug 2, 2021 at 3:57 PM
To: The Critical Kay <kaykaydoo2@gmail.com>

Dear Ms. Yax:

Pursuant to the Rule 16(a) Initial Order that was entered on July 12, 2021, you and I must meet telephonically on or before August 6, 2021, to have our Rule 26(f) conference.

Per the Court's order, we must confer over the phone about the topics enumerated in Rule 26(f). For your reference, Rule 26(f) can be accessed below:

https://www.mssd.uscourts.gov/sites/mssd/files/2019MASTERCOPYCIVIL_rev2-3.pdf.

I will be out of the office tomorrow morning, but I should be free to visit on Wednesday, Thursday, or Friday. Please email me your best day and time to conduct this call.

I look forward to speaking with you.

Matt Wilson

---

5. On August 3, 2021, Ms. Yax responded to the aforesaid email. Therein, Ms. Yax refuses to confer with the undersigned counsel.

> **Good Evening**
> 1 message
>
> **The Critical Kay** <kaykaydoo2@gmail.com>                                Tue, Aug 3, 2021 at 7:07 PM
> To: Matthew Wilson <starkvillelawyer@gmail.com>
>
> The Mississippi court procedure is irrelevant until there is a ruling that the State of Mississippi has jurisdiction in this matter, a matter which I am currently contesting.
>
> In the longer term I will require you to provide a detailed itemization of what economic damage has been done to your client. Who heard my programs? Who had a positive view of Rae Andreacchio beforehand and a negative view afterwards? What economic damages have my words done to a psychiatric nurse with an appalling reputation both personally and professionally, a reputation which existed years before I came along?
>
> Unless you can answer these questions persuasively, there is no case, and no jurisdiction for the State of Mississippi.
>
> I do not voluntarily enter the Mississippi court process. I challenge Mississippi jurisdiction.
>
> In addition to all of this, I have alerted the court to the threat made against my person by Chris Thompson, your client's brother and associate within the 'Justice for Christian' Facebook group. Chris Thompson stated "she keep on and somebody gonna change her name to Critical Care or drop her off at the train station...one of the two." Your flippant disregard of this and your close and lengthy association with the 'Justice for Christian" Facebook group and the administrators are all reasons for me to feel uncomfortable and unsafe having a phone conversation with you at this time.
>
> --
> Critical Thinking+Civility=Winning

6. That evening, the undersigned counsel responded to Defendant's refusal to comply with the Court's order and/or the rules of Court by sending her a good faith letter via email. (A true and correct copy of this correspondence is attached hereto as Exhibit "A" and is incorporated herein by reference.) As of August 6, 2021, at 7:55 p.m. CDT, the Defendant had not responded to this correspondence.

## MOTION

7. In view of (1) Ms. Yax's contention that the procedures of this Court are "irrelevant," (2) her feeling "unsafe" talking to undersigned counsel over the phone, and (3) her refusal to respond to undersigned counsel's good faith letter, Ms. Yax clearly does not wish to comply with the Court's Initial Order.

8.     Therefore, Ms. Andreacchio moves for this Honorable Court to enter an order compelling Ms. Yax to confer with the undersigned counsel so that the TCMC can be conducted efficiently and without unnecessary delay.

9.     Given the straightforward nature of this motion and the simplicity of the relief being requested, Plaintiff requests that the Court dispense with any briefing requirement.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for entry of an order compelling the Defendant to confer with the Plaintiff's attorney in advance of the August 27, 2021, Telephonic Case Management Conference.

Plaintiff also prays for entry of an order requiring the Defendant to pay reasonable attorney's fees in pursuit of this motion.

Plaintiff also prays for general relief.

Respectfully submitted this the 6th day of August 2021.

                                          RAE ANDREACCHIO

                                          /s/Matthew Wilson

By:     _____

                                          Matthew Wilson, MSB No. 102344
                                          Attorney for Plaintiff

Prepared by:
Matthew Wilson (MS Bar #102344)
THE LAW OFFICE OF MATTHEW WILSON, PLLC
Post Office Box 4814
Mississippi State, MS 39762
Telephone: (662) 312-5039
starkvillelawyer@gmail.com

## CERTIFICATE OF GOOD FAITH

I, Matthew D. Wilson, do hereby certify that I have made a good faith attempt to contact the Defendant about this discovery dispute, but that this attempt has been unsuccessful.

Respectfully submitted this the 6th day of August 2021.

By: /s/Matthew Wilson
_____
Matthew Wilson

## CERTIFICATE OF SERVICE

I, Matthew D. Wilson, do hereby certify that I have served the foregoing Motion to Compel upon the following party via U.S. Mail, postage prepaid, and/or email:

Ms. Karen Yax
2442 Lonesome Dove Trail
Lapeer, MI 48466
kaykaydoo2@gmail.com

Respectfully submitted this the 6th day of August 2021.

By: /s/Matthew Wilson
_____
Matthew Wilson