# In the United States District Court
# for the Southern District of Mississippi
# Northern Division



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 12 2021
ARTHUR JOHNSTON
BY_____ DEPUTY

**Rae Andreacchio (Plaintiff)**
vs.
**Karen Yax (Defendant)**

**Civil Action No.: 3:21-cv-386-CWR-LGI**

### Rule 12 Submission

If it please the court, the defendant, Karen Yax, wishes to submit a motion to suggest that the Mississippi courts are not the ideal forum to have personal jurisdiction over the subject matter of this case, in line with the guidelines developed by US courts over recent years in such cases as: International Shoe Co. v. Washington (US Supreme Court) 1945; Calder vs. Jones (US Supreme Court) 1984; CompuServe, Inc. v. Patterson (6th Circuit) 1996; Zippo Manufacturing v. Zippo Dot Com (US District Court for the Western District of Pennsylvania) 1997; Panavision International, L.P. v. Toeppen (9th Circuit) 1998; Maritz, Inc. v. Cybergold (US District Court for the Eastern District of Missouri) 1996; McDonough v. Fallon McElligott, Inc. (US District Court for Southern California) 1996; Benusan Restaurant Corp. v. King (US District Court for the Southern District of New York) 1997; Graphic Controls Corp. v. Utah Medical Prods., Inc. (US District Court for the Western District of New York) 1997; Hearst Corp. v. Goldberger (US District Court for the Southern District of New York) 1997; Cybersell, Inc. v. Cybersell, Inc. (9th Circuit Court of Appeals) 1997, applying the Due Process clause of the 14th Amendment to the Constitution of the United States to individual state's "long-arm" statutes.

Specifically:

A. Any alleged defamation made by the defendant took place in the State of Michigan, not in the State of Mississippi;

B. In running a merely marginally interactive blog, 'Critical Kay,' over the Internet, Karen Yax had insufficient contact with residents in the State of Mississippi to constitute 'contact' with residents of that state;

C. The defendant did not intend to 'reach out' to the State of Mississippi in any specific broadcast. 'Critical Kay' has a worldwide English-speaking audience. The Mississippi audience for 'Critical Kay' is likely minimal. Indeed, with regard to the broadcasts on the Andreacchio case, the State of Mississippi was probably the last state the defendant was targeting in her broadcasts, as anyone there who listened to the broadcasts probably knew all the facts already, and likely knew the plaintiff personally, and had already formed any opinion they were likely to hold on the matter;

D. The plaintiff did not suffer significant, or any, damage in the State of Mississippi as a result of these broadcasts because very few people in the State of Mississippi listened to the broadcasts,

and those who did already knew the case well and would have learned nothing extra from these broadcasts;

E. It would be unreasonable for the State of Mississippi to claim jurisdiction over this case on the balance of convenience between plaintiff and defendant. The plaintiff purports to be rich (as evidenced by her claim of $10 million in damages) and has professed herself on an Internet site to be entirely willing to travel to the State of Michigan "on business, whereas the defendant is not rich and has two minor children to look after;

F. The defendant, as a resident of Michigan and with no legal training, cannot be expected to have expertise in the complex processes of courts in the State of Mississippi, whereas the plaintiff's lawyer, Matthew Wilson, has, in writing, professed himself willing to use and abuse his "home court" advantage by leveraging his far greater knowledge of the procedures of the Mississippi courts. If the case were heard in the State of Michigan, as it should be for all the aforesaid reasons, the defendant would be much better placed to assess the competence of any lawyer operating in her state, and/or to have access to free local expert legal advice.

Signed:

*[signature: Karen Yax]*

Karen Yax

Date:

Contact details:

810-834-0682

KayKaydoo2@gmail.com