#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### NORTHERN DIVISION

**RAE ANDREACCHIO**                                                                            **PLAINTIFF**

**V.**                                                   **CAUSE NO. 3:21-CV-386-CWR-LGI**

**KAREN YAX**                                                                                 **DEFENDANT**

### ORDER

In this case, Rae Andreacchio is suing Karen Yax for defamation and invasion of privacy. Docket No. 1. The plaintiff is a mental health provider in Lauderdale County, Mississippi. The defendant is a true crime internet broadcaster in Michigan. In relevant part, the plaintiff alleges that the defendant defamed her in stating that the plaintiff (1) committed bribery, and (2) contributed to a patient's suicide.

Now before the Court is the defendant's motion to dismiss for lack of personal jurisdiction. Docket No. 6. The matter is fully briefed and ready for adjudication. The sole question is whether the plaintiff has satisfied the familiar test for personal jurisdiction. *See Lubin v. Delta Airlines, Inc.*, No. 3:14-CV-648-CWR-FKB, 2015 WL 4611759, at *2 (S.D. Miss. July 31, 2015) (reciting test).

Having reviewed the parties' arguments against the applicable law, the Court finds that the plaintiff can meet the applicable legal standard to establish personal jurisdiction.

First, Mississippi's long-arm statute is satisfied because the plaintiff's alleged injuries occurred in this state. *See Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) ("[I]f the injury occurs in this State then, under the . . . statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court.").

Second, the plaintiff must establish that the exercise of personal jurisdiction is consistent with the Due Process Clause of the U.S. Constitution. Where, as here, only specific jurisdiction has been invoked, the legal standard is as follows:

> (1) Did the defendant have minimum contacts with the forum state—purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein? (2) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?
>
> Procedurally, the party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant. When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, however, the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor.

*Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999) (citations omitted).

Under this relatively forgiving standard, the plaintiff has indeed made a prima facie showing of personal jurisdiction. A review of the available communications suggests that the defendant intentionally and purposely wished her words to impact the plaintiff in Mississippi. These are minimum contacts "that the defendant [her]self creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation marks and emphasis omitted).

In this circuit, moreover,

> When a nonresident defendant commits a tort within the state, *or an act outside the state that causes tortious injury within the state*, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses. Even an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.

*Alpha Cognetics LLC v. Blouch*, No. 3:18-CV-440-CWR-FKB, 2018 WL 11236199, at *1 (S.D. Miss. Aug. 28, 2018) (quoting *Guidry*, 188 F.3d at 628). That is the case here. Under the circumstances, it would neither be unreasonable nor unfair for the defendant to litigate in Mississippi. *See also Calder v. Jones*, 465 U.S. 783, 789 (1984) ("the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California.").

      The defendant presses several arguments for dismissal. She first contends that her Mississippi audience is "likely minimal" and that the damages in Mississippi were likely not "significant." Even so, at least one of the communications at issue seems intentionally directed toward the plaintiff herself. And because the plaintiff has alleged defamation per se, the question of limited or mitigated damages is ill-suited for adjudication on the pleadings.

      The defendant then argues that Michigan would be a more convenient forum in which to litigate. That is probably true—for her. The legal standard regarding venue, though, applies a more robust multi-factor test taking into consideration the burdens and benefits of venue to both parties, not just the movant. *See Minniefield v. Lewis Grocer Co.*, No. 3:14-CV-596-CWR-FKB, 2015 WL 3506526, at *2 (S.D. Miss. Apr. 14, 2015). Fifth Circuit precedent then says that "[t]he plaintiff's choice of venue is entitled to a certain amount of deference." *Id.* (citation omitted). Reviewing these factors, the Court is not persuaded that the defendant has met her burden to prove that Michigan is a clearly more convenient forum than Mississippi.

      Lastly, the defendant argues that any resulting judgment from this Court will not be enforceable in Michigan, which will leave "the Plaintiff without recourse." But that is a risk the plaintiff has elected to take in filing this suit here. She will continue to bear that risk.

3

The defendant has presented other arguments regarding personal jurisdiction. Those not specifically addressed above would not have changed the outcome of this Order. That said, the Court emphasizes that the present legal standard requires all factual disputes to be resolved in the non-movant's favor. The defendant reserves her right to renew her motion with appropriate evidence at a later juncture.

The motion is denied, and all other pending motions are terminated as moot. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a Telephonic Case Management Conference.

**SO ORDERED**, this the 19th day of November, 2021.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE