Last Updated: May 2021

Form 1 (ND/SD miss. may 2021)

# UNITED STATES DISTRICT COURT
## SOUTHER ▼ DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION ▼

RAE ANDREACCHIO                                                                    **PLAINTIFF**

v.                                                              **CIVIL ACTION**
                                                               **NO. 3:21-cv-00386-CWR-LGI**

KAREN YAX                                                                          **DEFENDANT**
a/k/a "The Critical Kay"

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**                        2-3

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**            5-6

   **EXPERT TESTIMONY EXPECTED:** No

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

   Additional Information: However, should alternative dispute resolution procedures appear helpful, the parties may, upon mutual agreement, engage in such procedures.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

**4. DISCLOSURE.** (Pick one)

The following additional disclosure is needed and is hereby ordered:

The Plaintiff provided her initial disclosures on or before August 13, 2021. Defendant is ordered to provide her initial Rule 26 (a) Initial Disclosures within 14 days after this Case Management Order is issued by the Court.

**5. MOTIONS; ISSUE BIFURCATION.** (Pick one)

Staged resolution/bifurcation will assist in the prompt resolution of this action. The Court orders that:

The Plaintiff has alleged the right to recover punitive damages. Accordingly, the determination of liability and compensatory damages will be bifurcated from the determination of punitive damages in accordance with Miss. Code Ann. Section 11-1-65.

Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

**6. DISCOVERY PROVISIONS AND LIMITATIONS.**

**A.** Interrogatories are limited to __30__ succinct questions.

**B.** Requests for Production are limited to __30__ succinct questions.

**C.** Requests for Admissions are limited to __50__ succinct questions.

**D.** Depositions are limited to the parties, experts, and no more than

__12__ fact witness depositions per party without additional approval of the Court.

Form 1 (ND/SD miss. MAY 2021)

**E.**     The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Plaintiff anticipates that discovery may include the review and production of electronically stored information ("ESI").  Such ESI includes, but not limited to, (1) recordings of the Defendant's YouTube, Discord, Patreon, and/or other social media broadcasts; and (2) e-mails, text messages, or social media messages or posts by or directed to third parties, all of which are in the control and custody of Defendant Karen Yax.

Plaintiff also possesses audio and video recordings of Defendant's webcasts.

**F.**   The court imposes the following further discovery provisions or limitations:

☐   1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑   2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐   3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☐   4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐   5. Other:

Additional information:  Plaintiff has attempted to contact Defendant to confer about the Rule 26(f) conference and about the information in this Order, but Defendant has refused to participate in a phone conference with the Plaintiff's attorney.   Therefore, the parties have prepared their own proposed scheduling orders.

7. **SCHEDULING DEADLINES**

   A. **Trial.**  This action is set for  JURY TRIAL  during a  two-week  term of court

   beginning on:  December 5, 2022 , at  9:00 ,  a.m. , in  Jackson ,

   Mississippi, before United States  District  Judge  Carlton Reeves .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  2-3 . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.**  The pretrial conference is set on:  November 4, 2022 , at  9:00 ,  a.m. ,

   in  Jackson , Mississippi, before United States  District

   Judge  Carlton Reeves .

   C. **Discovery.**  All discovery must be completed by:  June 21, 2022 .

   D. **Amendments.**  Motions for joinder of parties or amendments to the pleadings must be

   filed by:  January 14, 2022 .

   E. **Experts.**   The parties' experts must be designated by the following dates:

      **1.** Plaintiff(s):  March 23, 2022 .

      **2.** Defendant(s):  April 22, 2022 .

Form 1 (ND/SD miss. MAY 2021)

8. **Motions.**  All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: July 5, 2022 _____.The deadline for motions *in limine* fourteen      days the pretrial conference; the deadline for responses is seven      days before the pretrial conference.

9. **Settlement Conference.**

A settlement conference is set on: August 30, 2022 _____, at 9:30 _____, a.m. _____ in Jackson _____, Mississippi, before United States Magistrate [▼] Judge LaKeysha Greer Isaac _____.

Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **Report Regarding ADR.**  On or before (7 days before FPTC) October 28, 2022 _____, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply.  *See L.U.Civ.R.83.7(f)(3).*

**So Ordered:**

12-15-21 _____                    s/LaKeysha Greer Isaac _____

DATE                                           UNITED STATES MAGISTRATE JUDGE