# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

RAE ANDREACCHIO                                                                         PLAINTIFF

VS.                                       CIVIL ACTION NO.: 3:21-cv-00386-CWR-LGI

KAREN YAX
a/k/a "The Critical Kay"                                                  DEFENDANT

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW, the Plaintiff, RAE ANDREACCHIO (hereinafter "Plaintiff" or "Mrs. Andreacchio"), by and through counsel, and responds in opposition to Defendant KAREN YAX's (hereinafter "Defendant" or "Ms. Yax") motion for protective order [Dkt. 26], to-wit:

Defendant seeks entry of a protective order pursuant to FRCP 26(c)(1). Specifically, she seeks an order denying or limiting the scope of Plaintiff's request for Defendant's financial records. She also seeks entry of an order denying or limiting Plaintiff's request for Defendant "to gather … non-existent … data from electronic devices for the objectionable reasons cited."

At the outset, the Motion does not contain a certificate of service pursuant to F.R.C.P. 5(d). Therefore, it should be completely disregarded. See Love v. Chase Manhattan Mortg. Corp., 546 F. Supp. 2d 368, 371 n.2 (N.D. Tex. 2008) ("The document was stricken from the record … for, among other reasons, the failure of plaintiffs to provide in or with the document a certificate of service as contemplated by Rule 5(d) ….")

Page 1 of 4

Even if the Court disregards the absence of a certificate of service (since, obviously, the Plaintiff's attorney got the motion), the Court should take judicial notice that Ms. Yax's motion does not contain the requisite certificate of good faith.

Regarding motions for protective orders, F.R.C.P 26 (c)(1) states, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Moreover, this Court has held that "the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order." Williams v. Weems Cmty. Mental Health Ctr., No. 4:04CV179LR, 2006 U.S. Dist. LEXIS 21845, at *4 (S.D. Miss. Apr. 6, 2006).

Because Ms. Yax has not complied with this rule, her motion for protective order should be dismissed outright. The Defendant cannot ask the Court for a protective order until she attempts to resolve the dispute with the Plaintiff and certifies to the Court the extent of these attempts. This is a black-letter rule.

Without waving these procedural objections, though, Mrs. Andreacchio will respond to the merits of Ms. Yax's motion in the abundance of caution.

Mrs. Andreacchio is sympathetic to Ms. Yax's plight vis-à-vis her inability to obtain information from her now-defunct YouTube Channel. Certainly, if it is truly impossible for Ms. Yax to comply with Mrs. Andreacchio's request, then Ms. Yax should only produce what she can access. This is only reasonable; Mrs. Andreacchio cannot ask for more than that. However, if Ms. Yax cannot provide this information in discovery now, then she should be

limited from presenting any information from her YouTube Channel at trial. Therefore, if Mrs. Yax does introduce any evidence from her YouTube Channel at trial, Mrs. Andreacchio will object unless it is first provided in discovery.

As for Mrs. Yax's request to deny or limit Mrs. Andreaccho's request for her financial records, Mrs. Andreacchio would note that the Complaint seeks punitive damages. Pursuant to Mississippi law, punitive damages are capped at 2% of the Defendant's net worth (*i.e.,* total assets minus total liabilities), unless the Defendant was under the influence of alcohol or drugs when she committed the torts. See Miss. Code Ann. § 11-1-65. If Defendant was under the influence of alcohol or drugs, the cap would disappear.

Upon information and belief, Ms. Yax has used alcohol on occasion while she made her YouTube program. Thus, the cap on punitive damages might be set aside if she had been under the influence of alcohol when these statements were made, thereby making any request for financial records herein unnecessary. However, if the cap is not set aside, Mrs. Andreacchio would need a complete picture of Mrs. Yax's financial situation to compute the limit on punitive damages. Therefore, Ms. Yax's financial situation is highly relevant and probative, barring an admission of intoxication by Ms. Yax.

Again, if Mrs. Yax refuses to provide this information, then she should be barred from presenting any financial information at trial to mitigate any award of punitive damages. To this end, if Mrs. Yax does introduce any evidence about her financial situation at trial (or during a hearing on damages after trial) while refusing to disclose this information to Mrs. Andreacchio in discovery, then Mrs. Andreacchio will object accordingly.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, RAE ANDREACCHIO prays for this Court to deny the Defendant's motion for protective order for the reasons hitherto stated.

Plaintiff prays for general relief.

This, the 13th day of June, 2022

/s/Matthew D. Wilson

By: _____
MATTHEW WILSON (MS Bar 102344)
The Law Office of Matthew Wilson, PLLC
PO Box 4814, Mississippi State, MS 39762
Telephone: 662-312-5039
Email: starkvillelawyer@gmail.com

## CERTIFICATE OF SERVICE

I, Matthew D. Wilson, do hereby certify that I have served the foregoing pleading, including all exhibits, upon the following party via U.S. Mail, postage prepaid, and/or email:

Ms. Karen Yax
2442 Lonesome Dove Trail
Lapeer, MI 48466
kaykaydoo2@gmail.com

Respectfully submitted this the 13th day of June 2022.

/s/Matthew Wilson
By: _____
Matthew Wilson