# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF Mississippi
# Northern division

Karen Yax
2442 Lonesome Dove
Lapeer, MI 48446
Defendant, In Pro Per

CIVIL ACTION NO: 3:21-cv-00386
DEFENDANT KAREN YAX

Rae Andreacchio
    Plaintiff

vs

Karen Yax
    Defendant

Request for Judicial Notice
Pursuant to the FROE 201 DEFENDANT Karen Yax, HEREBY REQUESTS THE COURT, IN CONSIDERATION OF Defendants motion to dismiss to concurrently TAKE JUDICIAL NOTICE OF THE FOLLOWING DOCUMENTS WHICH ARE CITED HEREIN
True and correct copies of these documents are attached hereto as exhibits A, B.

Case Brief
Motion to Quash or Deny
Motion to Dismiss
Motion for Summary Judgment
Points of Authority

**Defendant Supplemental Case Brief**

**Issues 1 and 2**
1) Defendant, Karen Yax, Critical Kay, a 49 year old woman and resident of Michigan has a unique aptitude for opining about public controversies on social media. Defendant does not have a business license; she has not established an LLC and does not engage in commerce.
'Critical Kay' facilitates these public discussions within a public participatory

format, in which internet users from around the world may opt to speak, write, or engage in a discussion aided by a call- in feature embedded into Facebook/Youtube.

On account of practical logistics and privacy concerns, "Critical Kay" the Defendant does **not** employ a system in which she personally verifies the current address, State region, Country of every internet participant who requests to comment engage or be featured "on panel"

Plaintiff Alleges that on or around the date of April 11th 2021, Defendant made "defamatory" statements on her social media platform while participating in a discussion with usernames: 'Dylan Swearingen' and 'Matt Miller' who are both alleged Mississippi residents and incidentally, two individuals who have been frequently accused by Plaintiff to varying degrees of being potential accomplices in a thoroughly debunked murder conspiracy coverup pertaining to the 2014 suicide of Plaintiffs son, Christian Andreacchio.

On or around April 11th, 2021 Plaintiff, Rae Andreacchio, a 55 year old Mississippi resident and notable limited purpose public figure, was either listening in to or became aware of defendants social media discussion which pertained to debunking Plaintiffs amplified narrative and aggressive public and internet activism surrounding the 2014 'murder cover up' i.e suicide of her son, Christian Andreacchio.

Plaintiff argues that the Defendant, (a resident of Michigan) has sufficiently established "minimum contacts" over the internet as a result of Defendants brief internet interaction with social media user "Dylan Swearingen" and "Matt Miller" and thus, as a result of these social media interaction(s) Plaintiff argues that Defendant has now availed herself to the forum state of Mississippi.

**Response**

Plaintiffs' claim that Defendants multi-party interstate internet discussion group satisfies the "minimum contact" jurisdiction claim is an intriguing argument. However, Plaintiff and counsel have not and cannot provide sufficient facts and materials to the court in support of this claim.

- Defendants "minimum contacts" were not purposeful and substantial and more than a brief interaction, as corroborated by discovery materials.
- More troubling, Plaintiff and counsel have already deposed and have sought to depose alleged "minimum contacts" never cited in Plaintiffs original claim, and further, those of whom **are not known to the Defendant.**

- Defendant has been made aware via counsel that Plaintiff and Plaintiffs' counsel have once again, attempted to interrogate these individual(s) for ulterior motivations which are not relevant to these proceedings or this claim, moreover, for purposes of deploying abuse of process.

- Plaintiff has not provided sufficient facts or materials in support of her claim that Defendant had purposefully availed herself to any benefits or protections of Mississippi law.
- Defendant has no domicile, is not a business or LLC, does not engage in commerce, or anything related in Mississippi.
- Likewise, for Mississippi long arm jurisdiction to supersede the 1st amendment, 14th due process clause and the notions of fair play
- Defendant is entitled to a court determination as to whether out-of- state jurisdiction is reasonable to the Defendant.

Defendant still maintains this foreign jurisdiction, coupled with the material facts presented by Defendant in Discovery and in Pleadings or otherwise is not reasonable.

- Upon judicial review of materials Defendant has provided to the court in Discovery, Defendant asks the court to make the determination that Plaintiff has not sufficiently proven that that Defendant meets the basic minimum legal criteria which is clearly outlined in the Calder effects test.

*Calder vs jones 465 U.S 783 1984*

Regardless of Defendants lack of commerce in the forum or any other forum, and with special note to plaintiffs limited public figure status, and appealing to the conclusions held by First, Fourth, fifth, eighth, ninth, and tenth circuits; jurisdiction under Calder requires more than a finding that the harm caused by the Defendants intentional tort is primarily felt within the forum. *Griffis vs Luban 646 N.W.2d 527,534 (minn 2002)*

Although Plaintiff has made the conclusory allegation that Defendant aimed her conduct at Mississippi State, Plaintiff has plead no facts to support this allegation. The eight circuit construes the Calder effects narrowly and with respect to the second Calder factor holds that the tortious acts must be expressly aimed at the forum. *Johnson,614 F.3d at 797*


**2)** Plaintiff, Rae Andreacchio, is a primary Mental Health Practitioner providing the bulk of therapeutic care to residents within the relatively tight knit community in Lauderdale County, Mississippi.
Much of Plaintiffs public notoriety is premised on her outspoken public refutation

of the 2014 Meridian County death determination made of her son, Christian Andreacchio, which was suicide by a fatal self-inflicted gunshot wound.
**It is important to emphasize Plaintiffs dual role as both an outspoken public figure and her private occupational status as a primary therapeutic practitioner are intrinsically intertwined.**
The crux of plaintiffs highly amplified "murder conspiracy theory" relies on supposed incriminating second-hand hearsay statements having been allegedly relayed to her by her patient (decedent) Hayes Mitchell.
This alleged incriminating statement was supposedly made to Plaintiff in passing while she was working in her official capacity as (decedent) Hayes Mitchells therapeutic caregiver, and at no other time outside of her official capacity as his therapeutic caregiver.
Allegedly, Hayes Mitchell was a childhood friend of decedent Christian Andreacchio.
Plaintiff maintains that supposed elements of hearsay statements conveyed to Plaintiff by (Decedent) Hayes Mitchell supposedly impute private citizens, whom Plaintiff believes are complicit in the 2014 'murder conspiracy coverup' of Christian Andreacchio, and retroactively deem all Defendants statements in an internet forum in April 2021 "Defamatory".
However irrelevant this is to Defendant and in reference to Plaintiffs tort claim against Defendant, Plaintiff is attempting to use her "False light" claim against Defendant as a "Springboard" to simultaneously depose and harass the same ensemble of innocent private citizens; to manipulate the courts into overturning the findings and conclusions of several experts and government officials tasked with investigating Christians death, and the recommendations of a special grand jury.
These objectives have been publicly repeated innumerable times by Plaintiff via her public and social media statements and campaigns, her contributions in News publications, documentaries, legal documentations, and other disseminated materials.
Moreover, in addition to Plaintiff employing traditional means such as courting Mainstream news coverage to champion her false, largely unsubstantiated narrative, Plaintiff also works tirelessly behind the scenes to foster relationships with individuals who Plaintiff perceives to have a considerable social media presence and significant sway and influence on their respective consumers and viewer base.
This is likewise, a sustained multi-pronged effort by plaintiff to boost her murder conspiracy narrative within the collective public conscious and to smear the reputations of her targets.
Inevitably, after a relentless and near decade- long effort to legally indict innocent

citizens and fellow associates of (decedent) Christian Andreacchio, which have largely proven to be unsuccessful,
it goes without saying that Plaintiff has been instrumental in creating an extremely hostile social landscape for several private citizens, citizens of which conveniently accompany Plaintiffs complaint against Defendant.
Plaintiff has even gone so far as to hire several private investigators to track, stalk, harass, and film these individuals across state lines in her vengeful quest to compile unfavorable information on them as part of her "investigatory" Podcast.

Plaintiff is also notable for her exhaustive, retaliatory legal petitioning against her perceived enemies.
Unfortunately, these legal petitions have not been Pro Se, coupled with her albeit dwindling feverous public supporters, these factors present a unique series of difficulties in asking the Courts to declare Plaintiff as a vexatious litigant and to dismiss her meritless claims with prejudice.
 Some of these lawsuits include, but are not limited to influencing and lobbying government officials into limiting the scope of FOIA materials (see Christian's Law) and waging highly publicized legal and hostile social media campaigns against District Attorney Kassie Coleman and other government officials albeit, ultimately unsuccessful campaigns, but widely publicized legal campaigns, nevertheless.
Suing citizens for wrongful death, filing suit against her own attorneys, Marcus Evans, filing suit against citizens for legally Acquiring FOIA documents which directly contradict Plaintiffs murder conspiracy theory: See the following current and previous suits filed by Plaintiff:

Andreacchio, et al v. Coleman, Mississippi Supreme Court, 2020-EC-0052-SCT
Andreacchio, et al v. Wagner, (I) Lamar County Circuit Court, 37CI1:20CV111AM
Andreacchio, et al v. Wagner (II) Hinds County Circuit Court, First Jud. Dist. 25CHI1:20CV442
Andreacchio, et al v. McAllister, USDC-S.D Miss., 3:20-cv-00002-HTW-LGI
Andreacchio, et al v. Marcus Evans and Marcus D Evans PLLC. Civil Action No.: 20-cv-041


Plaintiff alleges that on or around April 11th, 2021 a defamatory malicious internet discussion "full of falsehoods" was uttered by Defendant on the internet which painted her in a "false light"
More specifically, Plaintiff alleges that aspects of Defendants internet discussion on or around April 11th 2021 referenced or insinuated Plaintiffs unethical

occupational conduct within an arguably speculatory context which implied Plaintiff is guilty of committing a misdemeanor and Defendant is guilty of perpetrating an occupational Tort against plaintiff.

Plaintiff alleges as part of her claim that other such insinuations and statements paint plaintiff in a negative or "false light", although Plaintiff and counsel have conceded in their own claim that Defendants statements are prima facially or factually correct.

Plaintiff has recently petitioned the court to retroactively penalize, sanction and/ or seek a ruling against defendant for "Defamation" contingent upon new miraculous revelations and findings made by this Court; provided the court grants Plaintiff a court order or a subpoena to her workplace psychology associates LLC so she may obtain and furnish confidential, medically protected therapeutic records to the courts which rely on the second- hand hearsay of a deceased individual, Hayes Mitchell.

In summary, Plaintiff is asking the Court to overturn the findings made by multiple government entities, the expert conclusions and recommendations of a Grand Jury, and to subsequently retroactively rule against Defendant for making the general statement: "Christian died of suicide".

All absurdity aside, it should be noted that in spite of numerous attempts by Defendant to rectify the situation with Plaintiff with regard to the alleged internet discussion on or around April 11, 2021, the alleged social media discussion has not been viewable nor accessible to both the Defendant and the public at large since that same time period of last year.

Although the submitted material facts which have been verbally attributed to the Defendant by Plaintiff on or around April 11th 2021 have slightly varied over the process of this suit, and further, it is difficult to ascertain the contextual tone of these supposed facts or when and where the alleged statements were injected into the conversation for the aforementioned reasons;

The general theme of Plaintiffs Defamation/false light claim rests on the general following comment(s) which were allegedly made on the internet on or around April 11th 2021 by Defendant.

Plaintiff maintains the following general comments were malicious and defamatory:

*"I really do believe...I believe that Hayes was treated by Rae, and Hayes has died of a drug overdose."*
*"He was...He's dead also by self-harm."*
*"So, she has a son who is dead of self-harm, and she has a patient dead of self-harm. "*
*Rae's history of intimidating, bullying harassing people, getting people drunk,*

*"Getting young people drunk"*
*"Some of these people who were treated by Rae at her workplace, Rae has gone on to accuse some of these individuals of being involved in this (coverup)*
*"That is how far her reach goes"*
*"I know you're not ignoring me Rae, I know you are very well aware of me, and since you've been dead set on trying this case on social media since 2014, its time that someone finally takes up for the other side, for their side to finally have a say; it's time someone takes up for Whitley and Dylan"*

**Response**
Defendant still maintains, without waiving her objections on jurisdictional grounds contained herein her motion to dismiss, her answers, her protective motion and her motion for summary judgment
Plaintiffs' facts have not met the burden of proof that Defendant had 'recklessly' and 'maliciously' uttered falsehoods with no regard for the truth of the matter or with the intention of doing harm to plaintiff. Defendant maintains that Plaintiff has repeatedly failed to state a claim.
Defendant contends that although the alleged statements might have felt offensive, hurtful, inflammatory, or unfavorable to Plaintiff, or they might have *felt* injurious in some limited capacity to plaintiffs' reputation, they are insufficient to prove malice, defamation and false light.
**Special consideration must be given to Plaintiffs' well-documented history of thrusting herself into the public and internet arenas.**
Within the scope of a limited purpose public figure; although Plaintiffs celebrity has not reached an entirely encompassing level:
Plaintiff has gained significant prominence in relation to her decade-long unrelenting, meritless "Justice for Christian" campaign.
Plaintiff ultimately aims to leverage the controversy and outrage she's cultivated over the last decade based on legal falsehoods, fiction, hearsay, half-truths in order to pressure the courts into legally revisiting (again) the official conclusions of Christian Andreacchio's 2014 suicide.

On or around April 11th 2021

- Defendant does vaguely recollect raising her concerns and opining on a public forum- specifically with respect to Plaintiffs seemingly glaring occupational conflicts of interest while Plaintiff was providing treatment in her role as a primary therapeutic caregiver to decedent Hayes Mitchell, and Plaintiffs highly publicized objective to submit those private documents into the courts.

- Further, Plaintiffs documented high profile efforts to skirt around, leak, and petition the courts to furnish the private HIPPA protected therapeutic documents in her attempt to criminally indict innocent civilians:

Defendant is of the belief this is a matter of legislative public interest and is/was integral to the broader public conversation and this speech is protected by the first amendment.

- "Getting people drunk, getting young people drunk"

Without having access to the original internet audio materials since last year in 2021, Defendant does not concede that this was explicitly stated by Defendant. In the event Plaintiff furnishes verbatim recorded materials to the court pertaining to this alleged April 11th 2021 internet discussion, Defendant contends "getting people drunk, getting young people drunk" the term

*"young people"* is a vague and colloquial phrase in relation to Defendant who is 49 years old.

There is no explicit statement cited by Plaintiff in her claim that Defendant accused Plaintiff of directly contributing to the delinquency of a minor under 21 yrs of age, and/or committing a criminal misdemeanor.

Defendant contends that the basis of Plaintiffs claims relies on conclusory allegations.

Defendant reaffirms that the following remainder of the alleged ensuing statements brought forward in Plaintiffs petition for relief do not rise to the level of Defamation or malice.

Defendant also reaffirms that no defamatory articulations were made implied or were encouraged to draw any conclusions that Plaintiff has had "contributed to Decedent Christian Andreacchio or Hayes Mitchells deaths in some sinister conspiracy theory.

- Alternatively, it is Defendant, **not** Plaintiff who has maintained her public support for the official expert determinations and findings, the cause(s) of death, and circumstances for decedents: Hayes Mitchell and Christian Andreacchio, and likewise, Defendant has refused to lend credence to any alternative theories which are contrary those official facts and findings.

It is a matter of public and legal record that it is Plaintiff who has imputed private citizens in criminal murder conspiracy coverups since as early as March 2014 in these alleged coverups.

- Defendant again maintains that on account of her official support for the expert findings and her public refutation of Plaintiffs allegations and conspiracy theories, Defendant suggests that this is one of the primary ulterior motivations for Plaintiffs retaliatory, vexatious, meritless claim against Defendant.

Defendant also contends that
- Unflattering discourse, negative public perceptions, and mild speculatory internet conversations which are directly proportionate to Plaintiffs public notoriety and her personal conduct do not meet the standards of "malice" as there was no explicit motivation on behalf of Defendant to cause direct harm to Plaintiff while semi privately discussing a public controversy already having been introduced into the public domain by the plaintiff.
- Defendant vehemently reaffirms that it is not the role of the public courts, the judge or a jury to adjudicate a favorable, positive reputation for Plaintiff, nor to stifle free speech, public discourse and debate.
- Unflattering, and offensively phrased opinions and speech in relation to Plaintiffs (on the record) public and private conduct is not Defamatory.
- Plaintiffs documented history of courting public controversy resulting in her limited Purpose public figure status automatically disqualifies her privacy invasion/ false light claims.
- Moreover, Plaintiff has not provided sufficient facts to support these alleged malicious "false" statements with any specificity.

- *Twombly, 550 U.S at 555 and Conley vs Gibson, 355 U.S 41,47 (1957)*

"While a complaint attacked by a motion 12 (b) (6) Doesn't need detailed factual allegations, A plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels, conclusions.
A formulaic recitation of the elements of a cause of action will not do"
"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true
(if doubtful in fact) Rule 8 (A)(2) still requires a showing rather than a blanket assertion to entitlement to relief.


**Motion to deny or quash Plaintiffs request to disclose confidential HIPPA Documents**

Plaintiff has petitioned the court in a wildly inappropriate maneuver to re-open and rehash the same closed case, of Decedent Christian Andreachio, by seeking a court order or an issuing of a subpoena to her own workplace in order to furnish to the courts confidential HIPPA protected therapeutic documents of Decedent Hayes Mitchell, who is :

- Without posthumous representation
- Plaintiff has failed to secure a qualified protective order under section (e)1v
- Plaintiff is directly in violation of section (e)1ii A of this subsection which prohibits the disclosure for any other purpose *other* than the litigation or proceeding for which such information was requested.

> In Summary, Plaintiff is seeking a subsequent, retroactive "Defamation" ruling from the court to make a *NEW* finding of "murder" related to this hearsay material in civil court, so she may pursue and rehash an unrelated case in criminal court against entirely different individuals unrelated to Defendant.

These documents rely on wholly inadmissible second-hand hearsay and hold no bearing on these civil proceedings related to a purported "criminal" matter to which Plaintiff has already made these disclosures to the proper authorities, which were deemed largely immaterial in her exhaustive attempts to further criminally indict individuals in a murder conspiracy theory coverup.

The entire premise of this alleged Defamation suit is based upon Defendant opining on publicly available, disseminated materials already in the public domain in 2021, not on new revelations, and requested rulings and fact findings in 2022. Moreover, Plaintiff has not provided sufficient facts to substantiate her claims that decedent Hayes Mitchell was in the apartment on or around the date of Christian Andreacchio's suicide February 28th 2014. Wildly speculatory, unsubstantiated hearsay and conclusory conjecture notwithstanding.

In light of Plaintiffs conflict of interest, coupled with the fact that Plaintiff is asking the courts for the dual privilege of providing expert witness testimony in her own claim on the purported grounds of asking the courts to accept hearsay on a wholly irrelevant civil matter of a prima facia "Defamatory internet conversation". Defendant asserts Plaintiff is in direct violation of:

Section J (1) (2) i ii (4) A covered entity *may* be consistent with applicable law and *contingent* upon standards of ethical conduct.

Defendant disputes Plaintiff as a "covered entity" to be acting both in good faith and operating within the standards of ethical conduct for the foregoing reasons:

Upon information and belief (see attachment) which is attached hereto as Exhibit "A"

Contained herein is the Report by Detective Demarcus Wilburn of the Meridian Police Department, a submitted witness statement provided by Plaintiffs work subordinate, Mike Sims. On the date of 04/09/2014

Upon information and belief, as plainly stated by "Mike Sims" a purported work subordinate or employee of Plaintiff at 'Alliance' health was dispatched by Plaintiff on February 26th 2014 to drive to Christian Andreacchio and Whitley Goodmans place of residence to "spy" on the two aforementioned individuals.
Per the witness statement of Mike Sims:
Plaintiff had instructed her fellow Alliance employee to "watch their apartment" and to "report on who was coming and going" on account of an ongoing disagreement, and upon information and belief; due to an ongoing personal grudge harbored by Plaintiff towards Whitley Goodman, as plainly stated in Mike Sims voluntary 'spontaneous' witness statement.
Defendant contends that this is demonstrably troubling occupational conduct, and the veracity of Plaintiffs alleged "proof" regarding the alleged statement of (decedent) Hayes Mitchell; incidentally implicates Whitley Goodman, Dylan Swearingen and others in order to "substantiate" wholly irrelevant facts pertaining to Plaintiffs claim and should be deemed inadmissible as Defendant has provided sufficient grounds to question Plaintiffs motivations and conduct while working in her official capacity.
Further, in Plaintiffs own submitted material (see attachment Exhibit B):
re: Hon. Bilbo Mitchell recusal request, the matter has already been addressed and clarified by relevant authorities: Hayes (alleged) comment was a conciliatory, consoling comment which has been deliberately misconstrued by the Plaintiff and curiously, only repeated to Plaintiff while in the vulnerable, subservient capacity in Plaintiffs care.
Movant respectfully asks the courts to quash or deny Plaintiffs request for admissions of this wholly irrelevant material.

**Motion to dismiss and/or motion for summary judgment**
Appealing to the Mississippi litigation Accountability act code 11-5-5 (supp. 2011) and 28 U.S code 1927- Miss. R. Civ. P. 11
 Defendant, Karen Yax respectfully reiterates her request for a motion to dismiss and asks the courts to issue sanctions against the Plaintiff for including, but not limited to, the excessive, burdensome, costly, frivolous litigation and the reoccurring costs, emotional and reputational damages and harassment that Defendant has incurred while directly responding to complaint, answers, discovery and related claim herein.
Defendant seeks maximum relief to the reasonable extent the Court deems just and appropriate,
Defendant respectfully requests the courts to dismiss this case with prejudice, and if so denied.
Defendant motions for a request for summary judgment on the basis of the absence

of no issue related to a genuine issue of material fact pertaining to the relevant materials and discovery. FRCP 56. & 56e

Defendant further Prays for any other additional relief deemed suitable by the Court.

Respectfully submitted on this day of July 1st 2022
Defendant Pro Se

*Karen Yax*
7-1-22

**Certificate of service**

I Karen Yax certify on this day, July 1st 2022
I served the foregoing case brief, motions to dismiss, summary judgement, motion to quash or deny, by the following method indicated to below and addressed to the following:
Plaintiff Rae Andreacchio
Matt Wilson Counsel
Via US mail, postage prepaid. And via Email.