**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RAE ANDREACCHIO**                                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:21-CV-00386-CWR-LGI**

**KAREN YAX**
**a/k/a "The Critical Kay"**                                             **DEFENDANT**

<u>**ORDER**</u>

This matter is before the Court on *Defendant's Motion for Protective Order* [26] and the *Plaintiff's Motion for Order Directing Plaintiff and/or Psychology Associates, LLC to Disclose HIPAA-Protected Medical Information* [30]. Plaintiff Rae Andreacchio ("Plaintiff") filed a Response [28] in opposition to Defendant's motion for protective order. Defendant Karen Yax ("Defendant") filed a *Motion to Deny or Quash Plaintiff[']s Request to Disclose Confidential HIPPA [sic] Documents* [37][1], in response to [30]. Plaintiff in turn filed a Response (Reply) [39] in Opposition to Defendant's Motion to Deny or Quash. Having considered the submissions, the record, and relevant law, the undersigned finds the Defendant's Motion for Protective Order is DENIED, and the Plaintiff's Motion for Order Directing Plaintiff and/or Psychology Associates, LLC to Disclose HIPAA-Protected Medical Information [30] is DENIED, as discussed below.

## I.    Defendant's Motion for Protective Order [26]

Defendant moves this Court for a protective order shielding her from responding to Plaintiff's interrogatories, requests for production of documents and requests for admissions. Defendant objects to producing her personal financial records, as she asserts the records are

---

[1] On July 5, 2022, Defendant filed three motions, addressed in one document – Docket No. 37 – a motion to Quash Plaintiff's Motion for Order Directing Plaintiff and/or Psychology Associates, LLC to Disclose HIPAA Protected Medical Information; Motion to Dismiss; and Motion for Summary Judgment. The Court only addresses the Motion to Quash.

irrelevant to the Plaintiff's claim. Doc. [26] at 1. Defendant further objects to responding to certain interrogatories and requests that seek information that is "impossible" due to her no longer having access to the original information, the information being irretrievable or the information being nonexistent. *Id*. at 2.

Plaintiff objects to the Defendant's motion and raises both procedural challenges and arguments on the merits. First, Plaintiff argues the Defendant failed to comply with the procedures set forth in Rules 5(d) and 26 of the Federal Rules of Civil Procedure. Defendant asserts the motion should be stricken, because the Defendant failed to attach a certificate of service and also failed to file a good faith certificate to accompany the motion for protective order. Second, she argues the information and documentation requested is relevant, discoverable, and probative. Doc. [29] at 3. Plaintiff contends she is entitled to the financial records sought in her discovery requests, because the information is directly related to her claim for punitive damages. *Id*. She notes that an award of punitive requires a determination of the Defendant's net worth. *Id*. Further, Plaintiff contends Defendant's refusal to provide the requested information should result in Defendant being barred from presenting evidence at trial that is responsive to the discovery requests or financial information that would mitigate an award of punitive damages.

While the Court finds that the Defendant failed to comply with the procedural requirements of Rules 5(d) and 26, the Court declines to deny the motion based on these procedural errors. "It is well settled that courts are to give leeway and make allowances for *pro se* [parties] when reviewing their failures with the administrative complexities required to comply with procedural rules." *Harris v. Honda*, 213 F. App'x 258, 262 (5th Cir. 2006). Here, the Court finds the Defendant's failure to comply with the procedural rules has resulted in no prejudice to the Plaintiff. Despite the Defendant's failure to include the certificate of service or good faith certificate, the

Plaintiff was promptly provided with a copy of the subject motion, and she filed a timely response in opposition.

As for Plaintiff's opposition on the merits, the Court first notes the Plaintiff recognizes that the Defendant may have an inability to obtain certain information requested in her discovery requests. Doc. [29] at 2. As such, Plaintiff has requested only that Defendant produce documentation or information that she can access. *Id*. On June 24, 2022, the Defendant responded to Plaintiff's discovery requests. *See* Notices of Services [32], [33], [34], [35], and [36]. The Plaintiff has not filed any further motions to compel or supplemental discovery requests, which indicates the Defendant's responses were responsive to Plaintiff's requests. Most importantly, this Court finds that the documentation and/or information sought by the Plaintiff is relevant and discoverable. Thus, this Court finds Defendant's motion for protective order is DENIED.

**II.    Plaintiff's Motion to Disclose HIPAA-Protected Medical Information [30]**

Plaintiff seeks an order from this Court "directing [Plaintiff] and/or Psychology Associates, LCC, to disclose to Plaintiff and Defendant all health records of . . . Hayes Mitchell, deceased, containing statements that pertain to the death of Christian Andreacchio." Doc. [30] at 3. Plaintiff is specifically seeking access to records related to these statements only, and she asserts she is not seeking medical records related to Hayes Mitchell's medical treatment or actual therapy. Plaintiff submits since Hayes Mitchell is deceased and has no personal representative; her motion is properly for this Court. The Defendant filed a motion to deny or quash Plaintiff's request to disclose the confidential HIPAA documents [37][2]. Defendant objects to Plaintiff's motion as

---

[2] Defendant filed this motion in response to Plaintiff's motion to disclose HIPAA-protected medical information [30]. Notably, the *pro se* Defendant filed three motions in one document [37], and the pertinent motion in response begins on page 9 of Defendant's filing. The two remaining motions, contained in Doc. [37], are dispositive – a Motion to Dismiss and a Motino for Summary Judgment – and will not be addressed herein. Plaintiff objects to the format of Defendant's response filed in Doc. [37].

irrelevant and on other grounds.

"A covered entity may disclose protected health information in the course of any judicial or administrative proceeding in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512. The Plaintiff has requested an order seeking the limited authorization of Hayes Mitchell's therapy records that pertain to the death of Plaintiff's deceased son Christian Andreacchio. While the Court recognizes the Plaintiff believes the contents of the subject medical records may aid in her claims against the Defendant, this Court declines to enter an order authorizing the release of medical records or therapy notes from this non-party.  The Court finds that the confidential information sought by the Plaintiff is outside of the scope of the Plaintiff's claims brought against the Defendant. *See* Plaintiff's Complaint, Doc. [1]. Plaintiff has failed to establish a direct connection between the decedent's confidential medical records and the subject claims brought against the Defendant. The Court points out there are other procedural methods by which the Plaintiff may seek disclosure of the documentation sought. As stated in her filing, Plaintiff "believes that seeking an order under subsection (e)(1)(i) would be more efficient than issuing a subpoena under subsection (e)(1)(ii)." Doc. [30] at 3. For the reasons provided above, the Plaintiff's motion [30] is hereby DENIED.

IT IS THEREFORE ORDERED that the *Defendant's Motion for Protective Order* [26] is DENIED.

IT IS FURTHER ORDERED that the *Plaintiff's Motion for Order Directing Plaintiff and/or Psychology Associates, LLC to Disclose HIPAA-Protected Medical Information* [30] is DENIED.

**SO ORDERED**, this the 20th day of October, 2022.

4

 /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE