Karen Yax
Lapeer, Mi 48446
810-834-0682
KayKaydoo2@Gmail.com
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF Mississippi
Northern division



Rae Andreacchio,
Plaintiff,
vs.
Karen Yax,
Defendant
Case No.: CIVIL ACTION NO: 3:21-cv-00386
Dated 10-26-2022
**Response to Plaintiff's Motion for Sanctions and Motion to Show Cause**

Consistent with findings in Twombly
Rule 8 (a) 2 id at 556-57
The Supreme Court Made it clear that stricter pleading standards shall apply to all civil actions in Federal Court.
When a Plaintiff gets close to stating a claim, but without some further factual enhancement, it stops short of the line between possibility and plausibility of entitlement to relief.
In keeping with this,
the Supreme Court further expressed concern with the cost and expense of discovery on a baseless claim, stating that when allegations in a complaint however true, could not raise a claim of entitlement to relief, this basic deficiency **should be exposed at the point of minimum expenditure of time and money by the parties and the court.** 550 U.S 559
Twombly standard was also involves the intangible value of ensuring that citizens such as Defendant who are unlucky enough to be named in meritless lawsuits shall receive meaningful vindication; that Plaintiff shall bare the costs of that vindication.

It is with these sentiments that Defendant, as an out of state resident living in Michigan, who has not waived her right in challenging the constitutionality of being subjected to litigation in an unfamiliar, foreign jurisdiction to which Defendant has never had even a passing familiarity with the forum of Mississippi and the overall weakness of Plaintiffs meritless claim of "Defamation" Defendant respectfully argues that the Court erred in their denial of Defendants motion to appear telephonically for the mediation conference on 10-18-2022 .

Defendant raises two elements which serve as the basis of her defense in this responsive motion:
- Defendant has been entirely self-represented as a reluctant, Pro Se litigant while attempting to plead, respond, and navigate the confusing labyrinth of the Federal judicial system and a foreign jurisdiction from out of state.

- Plaintiffs repeated acts of hostility, physical threats to her person from her brother online, plaintiffs outrageous conduct and online harassment via proxies and "leaking" of these civil Court proceedings, her outright refusal to engage in private civil discourse has all but made it plain to the Defendant that Plaintiff is once again abusing the courts as a vexatious vehicle to economically harass and victimize the same ensemble of victims and to further raise the burden of litigation against Defendant.

- Although Defendant does concede that by raising the issue regarding her lack of access to basic legal defense and counsel, that she is raising larger, fundamental socio-economic and constitutional rights issues which cannot be addressed or rectified by the Civil court at this time.

However,
Defendants sole purpose in raising the issue of her Pro Se status is to serve the court with contextual facts surrounding the timeline of events both retrospectively and concurrently over the duration of Plaintiffs suit.

In Similar light, Defendant raises this issue in order to refute suggestions which have been repeatedly made by Plaintiff that Defendant does not take this court, or the petition filed against her seriously.

- It is no secret that Defendant acting on her own behalf as a reluctant Pro Se litigant has invariably resulted in poorly worded pleadings, improper filings, potentially waived rights and defenses among an entire litmus of other detrimental preliminary rulings (including but not limited to Defendants ill equipped attempt at filing her motion to dismiss) and other preliminary judgments which have adversely impacted Defendant, not Plaintiff.

As a result of Defendants innumerable failed attempts at retaining even the most basic legal counsel due in part on the multi-jurisdictional complexities of defending this case leading up to the initial telephonic conference on the date of [12-15-2021].

*1 See attached multiple attempts on behalf of Defendant to retain counsel or even the most basic legal guidance (Exhibit A1-6)*

Compounded by Plaintiff, brother Chris Thompson and Counsel and witnesses listed in initial disclosures: Rene Daughtry Barfoot, Misty Evans, Emilee Harding, repeated malicious online posts and acts of online intimidation and manipulation prior to, and leading up to both conferences

*2 See attached: The outrageous conduct of Plaintiff and affiliates of plaintiff online and offline the duration of Plaintiffs claim  (Exhibit B1-26)*

Defendant was fearful, whether real or imagined, that even appearing telephonically she could be legally bullied or "railroaded" into conceding some sort of irreparable legal, financial, jurisdictional culpability by attending what she did not understand at the time was simply a case management conference.

Further,

- Defendant strongly contests the repeated assertions made by Plaintiff, that by failing to attend the telephonic conference that
  - (i) "Writing a check" to satisfy court sanctions levied against her is of no significant consequence

- (ii) Simultaneously denying herself key opportunities to participate in the process of advocating for her own interests. is some sort of preemptive, strategic means in achieving an advantageous or even desirable outcome for Defendant.

In the alternative,
it is Defendant, not Plaintiff who has been significantly impacted not only in the form of economic sanctions, which only further compounds her economic disadvantages in relation to Plaintiff
Defendant had also forfeited her right to participate in the case management process, by including but not limited to,
objecting to Plaintiffs overly burdensome discovery requests, denying herself opportunity to give equal input in case management deadlines regarding dispositive motions.
Nevertheless,
Defendant does accept responsibility for her failure to attend telephonic phone conference last year.
Defendant *did* promptly pay the economic sanctions levied against her,
Defendant *did* immediately comply with all related discovery materials, interrogatories, answers to the best of her ability and capacity
Defendant *DID* immediately rectify her clerical mistakes i.e., ensuring she submitted concise, properly headed and legible materials and signed with "certificate of service"

It should be further noted that Defendant has had to pay considerable out of pocket expenditures in relation to overnight shipping, notary, printing, certified mail and other misc research materials and costs incurred while responding to Plaintiffs meritless, vexatious claim, and without the benefit of being able to file her submissions electronically.
Plaintiffs' continuous argument that Defendant is "not cooperating" or "not taking this seriously" is patently absurd.

- As originally stated in the previously submitted confidential memorandum Defendant understands the benefits of attending in- person mediation.

It is an important tool utilized by the Court in order to conserve resources, to find common ground between two parties and possibly come to a mutual agreed settlement in order to avoid costly, lengthy trial in order to save everyone time, money and unnecessary burden to the Civil Court system.
Regrettably,
Defendant maintains that it is **precisely** due to the detrimental, cost prohibitive, lengthy abuse of process at the expense of Defendant and the Civil Court
To which Plaintiff seeks to harass and prolong this legal process, having no intentions of ever seeking a meaningful resolution in mediation.
Defendant does not have the disposable income to arrange for continual round trip air fare to travel to a foreign jurisdiction to engage in a 20-minute mediation conference with an undoubtedly hostile and vexatious litigant which will inevitably result in a fruitless outcome.

Plaintiff has repeatedly made it known to both the Defendant and her affiliates, that this suit is NOT for the purpose of seeking monetary relief premised on any sincere allegation of "Defamation or False light"

Plaintiff has repeatedly relayed to Defendant through several misc channels over the duration of her lawsuit that she has only filed this lawsuit against Defendant to legally harass, punish, antagonize, intimidate Defendant for entirely unrelated reasons having to do with her "Defamation Suit"

Plaintiff has insinuated on multiple occasions that she will drop her frivolous lawsuit against Defendant in exchange for what Plaintiff believes beyond any rationality that Defendant is in possession of "secret evidence" which could serve plaintiff in the future in pursuing yet **another** never ending criminal lawsuit against Whitley Goodman and Dylan Swearingen. (Please see attached exhibit B2~~3~~-2**6** for emails from Plaintiff's counsel)

To be clear, Defendant has no knowledge of any secret "insider information" having to do with the 2014 death of Christian Andreacchio and stated such to Plaintiff innumerable times during Defendants attempts to seek a resolution with Plaintiff.

Plaintiffs demonstrably vindictive and hostile conduct exhibited towards defendant both online and offline during the entire duration of Plaintiff's claim, and including but certainly not limited to: key conference dates outlined in the case management schedule have served to further exacerbate tensions and have exhausted the goodwill of Defendant having irreparably undermined any possibility of engaging in a civil, productive, and time efficient resolution between both disputing parties both out of court and in a face-to-face alternative dispute resolution.
Considering all the people Plaintiff has recruited online to violently harass and terrorize Defendant, incidentally most of those individuals make up Plaintiffs "witness list"

Plaintiff and her affiliates have, likewise, perpetually harassed and terrorized potential witnesses of defendants at such an alarming frequency and for so long, Defendant is limited to page constraints in identifying them all.

With that, Defendant on account of her economic constraints, lack of access to reasonable legal counsel, and lastly a legitimate fear for her physical safety, mental health and well-being whilst traveling alone to an unknown State to engage with Plaintiff in light of her abusive, malicious and relentless conduct.

Respectfully submitted on this day,
October 26th 2022

Defendant, Karen Yax
Pro Se   *Karen Yax* (signature)

**Certificate of Service**
I herby certify that Karen Yax
Relayed and furnished certified copies to Plaintiff and Counsel
Rae Andreacchio/Matt Wilson
By way of US Postal Mail