IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RAE ANDREACCHIO**                                                                                          **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:21-CV-00386-CWR-LGI**

**KAREN YAX a/k/a**
**"THE CRITICAL KAY"**                                                                                       **DEFENDANT**

## ORDER IMPOSING SANCTIONS

Before the Court is *Plaintiff's Motion for Sanctions Pursuant to Rule 16(F)* [44]. The Court, having considered the submissions, the record and relevant law, finds that the Motion for Sanctions Pursuant to Rule 16(F) is GRANTED, as discussed below.

## RELEVANT PROCEDURAL HISTORY

This case was set on the docket of this Court for an in-person Settlement Conference on August 30, 2022 at 9:30 AM, by Case Management Order [14], dated December 15, 2021. On August 18, 2022, the Court received the following email correspondence from Defendant Karen Yax ("Defendant"):

> Hello. There is a settlement conference scheduled for 8-30-22 @ 9:30 am. I am unclear on how to attend such conference as I am not in Mississippi and am not able to be. I am also presently awaiting a response to my request for summary judgment which was filed 7/5/22. Realistically speaking I have nothing to offer the plaintiff by way of a "financial settlement" which I have already communicated to plaintiff's counsel.

The Court responded, via email, and advised Defendant that her in-person attendance at the Settlement Conference scheduled for August 30, 2022 was mandatory, pursuant to the Local Rules and the governing Case Management Order [14]. Defendant replied,

> This is absolutely impossible. I will not be able to physically attend this conference, as Jackson is over 1,000 miles away from me and I am unable to afford to travel there and stay there. . . . In addition I have MINOR children who start school August 29th and need transportation to school. Is there no way to allow me to attend the

1

conference virtually or via zoom?

On August 26, 2022, Defendant filed her *Motion to Apply for Telephonic Conference or via Video Conference* [41], wherein she requested to attend the Settlement Conference scheduled for August 30, 2022, via telephone. The Court denied the motion. *See* Order [43]. However, in light of Defendant's indication that travel to Mississippi would result in a financial hardship, the Court allowed the Defendant additional time to make travel arrangements. *Id*. The Court directed the parties to confer and to select mutually agreeable dates for an in-person settlement conference. *Id*. On September 1, 2022, Counsel for the Plaintiff advised the Court, via email, that the parties had not agreed upon a new settlement conference date. Plaintiff's email provided the following:

> Judge Isaac:
>
> This email is being sent to Ms. Karen Yax as well. Per your order we were to confer with each other and then report back to you with our available dates for an in person settlement conference. Ms. Yax tells me that she "can't agree to a date" and that she "cannot come to Mississippi." She cites her responsibilities as a mother with children in school, her financial situation, and other concerns. Since she claims that she is unable to come to Mississippi, I have asked Ms. Yax if she intends to come to the pretrial hearing in November or the trial in December. She has yet to respond to my query.
>
> For what it may be worth, my available dates for the settlement conference are: September 15, 16, 22, and 28; and October 6, 7, 17, and 18.
>
> If you have any questions, please let me know.

Email sent from Attorney Matthew Wilson, on September 1, 2022 at 1:02 PM.

The Court reset the Settlement Conference for October 18, 2022. *See* Notice of Hearing, dated September 1, 2022 (advising "ALL PERSONS ARE REQUIRED TO BE PRESENT"). On October 12, 2022, the Court sent an email reminder to all parties advising of the upcoming Settlement Conference on October 18, 2022. The Court received the following email response from Defendant:

2

> Respectfully, as I said prior I am unable to attend the settlement conference for financial reasons, it is too far to travel and I have minor children obligations and it is simply not feasible for me to be there in person.
>
> Additionally, I filed several motions on 7-1-22 (see attached) and I respectfully request these be ruled on.
>
> I also respectfully request a motion to continue this matter. Please understand I have no intention of ignoring the court's request, I am simply trying to work within the parameters available to me as a pro-se, out of state defendant.
>
> I also respectfully ask again to attend the conference telephonically and pray for relief in this matter as appropriate.

Email sent from Defendant on October 14, 2022 at 2:14 PM. The Court responded to Defendant's email as follows:

> Ms. Yax,
>
> The Court is in receipt of the below email response.  Please note this Court is NOT excusing you from in-person attendance at the upcoming settlement conference, and will levy sanctions, as appropriate, should you fail to appear as directed.

Email response sent to Defendant from the Court, on October 14, 2022 at 4:31 PM. Additionally, the Court entered an Order "directing Defendant to attend, in-person, the settlement conference set for October 18, 2022" and advising that "this Court has granted ample time for Defendant Yax to comply with its orders and coordinate travel to attend the settlement conference. This Court orders in-person attendance and notes that a failure to attend the settlement conference as directed will result in sanctions." *See* Text-only Order, dated October 14, 2022. The Settlement Conference went forward as scheduled on October 18, 2022. The Plaintiff attended, but the Defendant failed to attend.

## **ANALYSIS**

On October 19, 2022, Plaintiff filed the instant *Motion for Sanctions Pursuant to Rule 16(f)* [44], arguing that "Defendant's failure to appear was deliberate." Doc. [44] at 2. Plaintiff cited to

a September 1, 2022 email sent by Plaintiff to this Court as well as to a screenshot of an internet chat. *Id*. at 2. In the internet chat, which occurred at or near the precise time that Defendant was scheduled to be present for the settlement conference, Defendant indicated that the court "threatened" to sanction her "again" and that she was "not going there. Ever," a seeming reference to Defendant's lack of intent to make an appearance in this matter. *Id*. Plaintiff seeks an order requiring the Defendant "to pay the reasonable expenses – including attorney's fees – incurred because of any incompliance." *Id*. at 3. Specifically, Plaintiff seeks a total amount of $895.67, for expenses incurred by both Plaintiff and her legal counsel, as set forth in the Plaintiff's *Statement of Costs* [44-2]. Plaintiff also moves this Court for additional sanctions, as requested in Plaintiff's Motion for Default Judgment [45].

On October 24, 2022, this Court entered an Order to Show Cause [48] directing that Defendant show cause in writing, on or before October 28, 2022, as to why she did not participate in the October 18, 2022 Settlement Conference and as to why she should not be sanctioned by this Court for disobeying an Order of this Court. Defendant filed a Response to Plaintiff's Motion for Sanctions and the Motion to Show Cause [49][1]. In her Response [49], Defendant argues this Court erred in denying her request to attend the Settlement Conference telephonically. *See* Doc. [49] at 1. Defendant asserts her *pro se* status places her at a disadvantage, and she refers to herself "as a reluctant pro se litigant." *Id*. She submits while she "understands the benefits of attending in-person mediation, . . .[she] maintains that it is precisely due to the detrimental, cost prohibitive, lengthy abuse of the process at the expense of Defendant and the Civil Court to which Plaintiff seeks to harass and prolong this legal process, having no intentions of ever seeking a meaningful resolution in mediation." *Id*. at 3. Defendant further submits that she "does not have the disposable

---

[1] Defendant filed her motion twice. The identical motions appear on the docket at [49] and [50].

4

income to arrange for continual round trip air fare to travel to a foreign jurisdiction to engage in a 20-minute mediation conference with an undoubtedly hostile and vexatious litigant which will inevitably result in a fruitless outcome." *Id*. Further, Defendant offers that she did not attend the settlement conference due to "her economic constraints, lack of access to reasonable legal counsel, and . . . a legitimate fear for her physical safety, mental health and well-being whilst traveling alone to an unknown state to engage with Plaintiff in light of her abusive, malicious and relentless conduct."

In her Reply [51] to Defendant's Response, Plaintiff reasserts her request for sanctions. In support of her motion, Plaintiff submits that she is entitled to sanctions based on "Defendant's contumacious refusal to obey an order of this Court," and she further responds to the assertions in Defendant's Response [49]. *See* Doc. [51] at 2. Importantly, Plaintiff notes: 1) the Complaint states a valid claim, 2) this Court has personal jurisdiction over the Defendant; thus the Defendant is bound by this Court's orders, and 3) Defendant has no valid reason for disobeying the Court's Order. Doc. [51]. Defendant filed a Rebuttal [52] addressing only her defenses to defamation *per se,* yet offering no further explanation or argument in response to Plaintiff's motion for sanctions [44] or this Court's Order to Show Cause [48].

"On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Failing to follow direct orders from the Court unnecessarily disrupts the orderly progression of this case. This Court warned Defendant Yax that her attendance at the settlement conference was required and despite having been granted extensions of time to make appropriate travel arrangements and having been warned multiple times of the consequences of failing to follow the Court's directives, Defendant failed to attend. Thus,

5

Defendant willfully refused to obey the Court's Order directing her to appear in-person for the subject settlement conference. This Court finds that Plaintiff's explanation for her failure to appear is unsatisfactory. Moreover, this Court notes sanctions were previously imposed for the Defendant's failure to participate in the Telephonic Case Management Conference on December 14, 2021. *See* Order [15]. Despite this Court's previous imposition of sanctions and numerous warnings, Defendant elected to disobey this Court orders. The court is therefore of the opinion that sanctions are appropriate for Defendant's failure to attend the settlement conference. As for Plaintiff's request for additional sanctions, as set forth in Plaintiff's Motion for Default Judgment [45], the undersigned declines to rule upon this request and notes the motion for default judgment will be decided by the district court judge.

## **CONCLUSION**

IT IS, THEREFORE, ORDERED that sanctions in the amount of Eight hundred ninety-five dollars and 67/100 ($895.67) be imposed upon Defendant Yax. It is further ordered that Defendant Karen Yax remit this sum to the Clerk of the Court on or before May 1, 2023. Defendant is advised that failure to comply with the Court's orders herein will likely result in the imposition of further sanctions.

**SO ORDERED**, this the 10th day of March, 2023.

                                                /s/ LaKeysha Greer Isaac
                                                UNITED STATES MAGISTRATE JUDGE