# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **RAE ANDREACCHIO**, *Plaintiff*, v. **KAREN YAX**, *Defendant*. | CAUSE NO. 3:21-CV-386-CWR-LGI |

## ORDER

Before the Court is plaintiff Rae Andreacchio's motion for default judgment. Docket No. 45. Upon review, the motion will be granted.

**I.  Factual and Procedural History**

Plaintiff Rae Andreacchio is the mother of Christian Andreacchio, a young man who allegedly "died under suspicious circumstances" in 2014. Docket No. 1 at 1. She resides in Lauderdale County, Mississippi, where she is a mental health service provider. *Id.* at 1-2.

Defendant Karen Yax is a "prominent social media figure" known to her followers as "The Critical Kay." *Id.* at 1. She operates a webcast where she discusses "real-crime stories." *Id.* She is a resident of Michigan. *Id.* at 2.

On March 21 and April 11, 2021, Yax discussed Christian Andreacchio's death on her webcast. *Id.* at 5-6; *see also* Docket No. 10-1. Yax stated that Rae Andreacchio has "really dominated the narrative about this case via intimidation, bullying, outright lies . . . , bribery, getting people drunk, [and] getting young people drunk," among other claims. Docket No. 1 at 5. Yax also stated, "I really do believe that Hayes [Mitchell, a different patient,] was treated

by Rae, and Hayes is now dead with a drug overdose . . . . He's dead also by self-harm. So, she has a son that is dead by self-harm. And she has a patient who is dead by self-harm." *Id.* at 7.

Andreacchio contends that these statements "leave[] the false impression that [she] had somehow caused – or contributed – to their deaths." *Id.* Andreacchio adds that these statements have "defamed or painted [her] in a false light, thereby causing her to suffer injury to her reputation and/or emotional damage." *Id.* at 2. Accordingly, she filed this suit against Yax on June 4, 2021, alleging defamation and false light invasion of privacy. *Id.* at 7-9.

Yax filed her answer on June 24, 2021, in which she asserted that this Court lacks personal jurisdiction over her. Docket No. 3. Yax then filed a motion to dismiss on August 12, 2021, which this Court subsequently denied on November 19, 2021. *See* Docket Nos. 6, 10, 11, 12, and 13.

On November 30, 2021, the Magistrate Judge assigned to this case scheduled a telephonic case management conference for December 14, 2021. Court staff mailed and emailed notice of the hearing to Yax. On December 14, however, Yax failed to dial-in to the conference. After issuing an Order to Show Cause, the Magistrate Judge sanctioned Yax $100. Docket Nos. 15 and 17. Yax timely paid the sanction. Discovery commenced.

In August 2022, Yax moved to have a fast-approaching settlement conference conducted by telephone or video. Docket No. 41. The Magistrate Judge denied the request but postponed the settlement conference to allow Yax additional time to make travel arrangements. Docket No. 43. The Magistrate Judge further ordered the parties to confer and select mutually-agreeable dates to hold the conference in person. *Id.* Andreacchio says Yax

2

"refused to comply with the Court's order to confer . . . [and] pick a date for the settlement conference." Docket No. 46 at 1.

On September 1, 2022, the Magistrate Judge scheduled a settlement conference for October 18, 2022. *See* Notice of Hearing of Sept. 1, 2022. Yax was directed to appear in person. *Id.* A Text-Only Order dated October 14 repeated this instruction. Yax, however, failed to appear. *See* Minute Entry of Oct. 18, 2022.

Andreacchio subsequently moved for sanctions pursuant to Rule 16(f) for Yax's failure to attend the settlement conference, Docket No. 44, and filed the present motion for default judgment under Rules 16(f) and 37(b)(2)(A)(vi), Docket Nos. 45-46.

In her brief seeking default judgment, Andreacchio notes three instances in which Yax disobeyed the Court's orders: (1) the failure to dial-in to the case management conference, (2) the failure to confer with plaintiff's counsel regarding settlement conference dates, and (3) the failure to attend the in-person settlement conference. Docket No. 46. Andreacchio argues that Yax's failure to appear was deliberate, as Yax had apparently sent the Magistrate Judge a September 1, 2022 email explaining that Yax was "unprepared to validate long arm jurisdiction by traveling to the state of Mississippi and subjecting myself to a process I am woefully ill equipped to defend myself against this bogus suit designed to harass, intimidate and terrify me." Docket No. 45 at 2. Andreacchio adds that on October 18, 2022 at 10:28 a.m., mere minutes before the Magistrate Judge was set to begin the settlement conference, Yax texted a third-party the following:

3



*Id.*; *see also* Docket No. 44-1. For these reasons, Andreacchio seeks a default judgment under Rules 16 and 37.

In a response brief opposing sanctions, Yax argues that her absence from the settlement conference was due to "economic constraints, lack of access to reasonable legal counsel, and . . . a legitimate fear for her physical safety, mental health and well-being . . . ." Docket No. 49 at 4. In reply, Andreacchio contends that Yax's "poverty is very much in doubt," observing that Yax mailed her original motion to dismiss from Honolulu, Hawaii. Docket No. 51 at 16 & n.2; *see also* Docket No. 6-1.

On February 1, 2023, the undersigned scheduled a motions hearing for March 20, 2023. Docket No. 53. The scheduling Order specifically noted the following: "The defendant is reassured that she will not waive her personal jurisdiction defense merely by appearing for a hearing in this case. She has already preserved her jurisdictional defense for further review." *Id.*

On March 10, the Magistrate Judge granted Andreacchio's motion for Rule 16(f) sanctions in the amount of $895.67. Docket No. 54. That sum is due to the Clerk of Court on or before May 1, 2023. *Id.*

On March 20, Yax did not appear at the motions hearing before the undersigned. Docket No. 55. The Court denied Yax's outstanding motions as abandoned and pledged to rule on the outstanding motion for default judgment in due course. *Id.*

## II.   Applicable Law

Rule 16(f) states that a Court may impose sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Rule 37(b)(2)(A)(vi), in turn, allows a Court to "render[] a default judgment against the disobedient party."

Cases discuss the standard for default-judgment-as-a-sanction in different ways. In the Rule 37 context,

> where a district court awards default judgment as a discovery sanction, two criteria must be met. First, the penalized party's discovery violation must be willful. Also, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation.

*United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (citations omitted) (affirming district court's award of default judgment as a sanction).

Default judgment is "a litigation-ending sanction." *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 759 (5th Cir. 2019), *as revised* (June 6, 2019) (citations omitted). And under the "litigation-ending sanction" line of cases, the Fifth Circuit has reframed the standard for

5

default judgments into one with *four* requiring findings: that "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect." *Id.* at 758-59 (citation, brackets, and quotation marks omitted).

Because default judgment is an extraordinary penalty, the Court will utilize the latter articulation, as it represents a more difficult legal standard.

### III. Discussion

In this case, the plaintiff has demonstrated all four elements of the applicable legal standard.

First, Yax has repeatedly violated Court Orders by failing to participate in telephonic and in-person hearings. These violations have been knowing and willful. *See Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir. 1981) (affirming finding of willfulness in default judgment case where sanctioned party repeatedly failed to "appear before the district court"). Although she acknowledges in her filings that her presence would be "beneficial to the court in adjudicating this unfortunate matter," Docket No. 56 at 2, she has texted a third-party explaining that she will not come to Mississippi for this case, "Ever." Docket No. 45 at 2. Despite the undersigned's Order reassuring Yax that she would not forfeit her personal jurisdiction defense by appearing for a motions hearing, she failed to attend that, too. And while Yax protests that she lacks funding to participate in this litigation, the excuse only goes so far, since she could have participated in the telephonic case management conference without incurring any cost.

6

Second, because Yax is proceeding *pro se*, there is no question that she (and not an attorney) is solely responsible for her conduct. *See DISH Network, LLC v. Vigneswaran*, No. CV H-21-859, 2022 WL 17574808, at *3 (S.D. Tex. Nov. 15, 2022) (same).

Next, there is ample record evidence that Yax's failures to appear have prejudiced the opposing party. Every time the plaintiff and her attorney travel to Jackson for a hearing, they incur nearly $900 in expenses. Docket No. 44-2. When she plays this game of "Lucy and the football," therefore, Yax is running up her opponent's bill. That is the definition of prejudice. *See United States v. Mikulin*, No. 21-20378, 2022 WL 1421828, at *1 (5th Cir. May 5, 2022) (finding prejudicial "the resources that the [plaintiff] had to spend in responding to [the defendant's] numerous rambling filings").

Lastly, a lesser sanction would not substantially achieve Yax's participation in this lawsuit. *See $49,000 Currency*, 330 F.3d at 379 (rejecting proposition that district courts are "required to attempt to coax Claimants–Appellants into compliance with [their] order[s] by imposing incrementally increasing sanctions."). Warnings and show cause orders have borne no fruit. If Yax lacks resources, a third award of monetary sanctions would be pointless. Incarceration, meanwhile, would likely be too severe a sanction. "Given this record, it is unclear what lesser sanctions could have been appropriate following the district court's warnings and second chances." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (citation and quotation marks omitted).

For these reasons, and on this record, the rare sanction of default judgment is warranted.

## IV.     Conclusion

Andreacchio's motion for default judgment is granted. An evidentiary hearing is necessary to determine an appropriate amount of damages. One will be scheduled shortly. Yax is invited to participate.

**SO ORDERED**, this the 19th day of April, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
